Mr. Justice Moore
delivered the opinion of the Court.
Plaintiff in error, to whom we will refer as defendant, is here on writ of error to review a judgment entered upon the verdict of a jury finding him guilty of the crime of aggravated robbery.
*14 The facts, which are not in dispute, are as follows: About 9:30 A.M. on September 8, 1958, the proprietor of a pharmacy in Denver was in the store’s prescription room using the telephone when he saw two men enter the store. One of the men, after partly covering his face with a mask on his way through the store, came up to the owner, pointed a gun at him, and told him that he was a sick man and wanted narcotics and that the owner better not waste any time. After handing the gunman one partly filled bottle of morphine tablets and a second bottle with eight one-half grain dilaudid tablets, the owner carried out the next command, which was to open the safe. While all of this was going on, the other of the two gunmen was holding a gun on a clerk and a customer near the front of the store. The two robbers then collected, in addition to the narcotics, cash and checks of the total value of $5,000.00, and numerous unwritten money orders, tore the phone off the wall, and left.
All of the above was presented during the prosecution’s part of the case. Both the customer and the clerk who were in the store at the time of the robbery gave a positive identification of defendant as the one who actually brandished the gun on the drug store owner and collected the loot, while the second of the two gunmen was keeping guard near the front of the store.
Defendant denied participation in the holdup and stated that at the time the offense was committed he was, “at the Voters Club with a lady friend whom I happened to be going with”; that he had agreed to help her clean up a grill used to fry hamburgers and was there for that purpose; that “she had a little portable radio up on a shelf and we were conversing, and it came over the news that a robbery had been committed in that vicinity.”
Defendant was the only witness called by the defense. On cross-examination he testified as follows:
“Q. All right. Now, you say you had nothing to do *15 with this robbery? A. I most certainly didn’t. Q. And you would also tell us, I assume, that you had nothing to do with delivering threats to the witnesses in this case; is that right?”
Defense counsel immediately objected on the ground that the above question constituted improper cross-examination. The court agreed that the question was improper, ordered it stricken, and instructed the jury at that time, and again in the final charge, to absolutely disregard the stricken matter. However, the defendant’s motion for a mistrial was overruled. Defendant now claims that the attempted cross-examination was so highly improper and prejudicial that the court’s instructions to disregard it could not possibly have been effective and that the denial of the motion for a mistrial amounted to a denial of his constitutional right to a fair trial.
There is no merit in this argument. While the form of the question to which objection was made cannot be approved, the substance of the matter to which the question referred could very well have been proper as laying a foundation for subsequent impeachment of defendant on a material matter. If in fact defendant had threatened a witness in the case, the prosecutor could specifically direct his attention to the matter constituting the alleged threat and require him to either admit or deny it. If defendant admitted the threat it could be considered by the jury as bearing upon the credibility of his claim of innocence. If he denied the threat the district attorney could establish by competent evidence that the threat was made and the effect thereof would be for the determination of the jury as bearing upon the credibilty of his claim of innocence. It is always relevant to show that a defendant in a criminal case manufactured or fabricated evidence, or by any means attempted to suppress testimony which might adversely affect him.
In the instant case the defendant was not prejudiced by the action of the trial court in sustaining the objection *16 made by his attorney. There was ample evidence to sustain the verdict of the jury and the judgment of the trial court entered thereon is affirmed.
Mr. Chief Justice Hall specially concurs.